IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

_____

No. 99-40251
_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

ELODIA TREVINO,

Defendant-Appellant.

_____

Appeal from the United States District Court for
the Southern District of Texas

(D.C. No. L-98-CR-844-ALL)
_____

March 21, 2000

Before KING, Chief Judge, REAVLEY and STEWART, Circuit Judges.

PER CURIAM:[*]

Elodia Trevino pleaded guilty to possession with intent to distribute cocaine. She

was apprehended with 36 pounds of cocaine in her car as she crossed the border from

Mexico. She was sentenced to the mandatory minimum term of ten years imprisonment.

But for the law, we doubt that Judge Kazen would have imposed so oppressive a sentence

on this 40 year old divorced mother of four daughters. Nor would we affirm, but for the

law. The district court was, however, required by the law to impose the ten year sentence

[*]Pursuant to 5TH CIR. R. 47.5, the Court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

unless Ms. Trevino met the requirements of United States Sentencing Guideline § 5C1.2 and 18 U.S.C. § 3553(f), including truthfully providing to the Government all of her information on her offense and other offenses within the same course of conduct. The court found that she had failed to do that, and we must say that the record supports his decision.

Counsel for appellant would have us order resentencing according to the guidelines, without regard to the mandatory minimum law, because the Government's claim of Ms. Trevio's untruthfulness was not proved by evidence and because she proved her truthful compliance. But counsel has the burden misplaced. It is the defendant, who has pleaded guilty to the crime, who must prove that she has met the requirements of the safety valve statute and guideline. United States v. Vasquez, 161 F.3d 909, 912 (5th Cir. 1998).

Here is what Judge Kazen had before him. Ms. Trevino told the court and prosecutor that some man named Chuy, whom she had met at a club a month earlier, offered to pay her to bring bundles of marijuana across the border. She needed the money and took the three bags that were later shown to contain the 36 pounds of cocaine. As the judge said, this is a familiar and an implausible story. Then a federal agent tells the court that he has reliable information that Ms. Trevino was not dealing only once with a slight acquaintance but has been a member of a group that smuggles drugs. Counsel for the defendant objected to responding for the reason that Ms. Trevino was not required to confess to prior crimes. Judge Kazen agreed, but explained that he had to determine the truthfulness of the defendant's story of a relatively innocent single incident. He suggested that he hold a hearing in chambers and let her respond to the information held by the agent, all to help him determine the honesty of her story of her offense. She

2

refused to do this or to say more. Judge Kazen was clearly entitled to decline to find her story to be truthful.

AFFIRMED.